IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:09-CR-475-WSD-CCH-1 |
| FRANCISCO TEJADA-LANDAVERDE | : | |
| | : | |

## **REPORT AND RECOMMENDATION**

Defendant Francisco Tejada-Landaverde ("Defendant") is charged in the indictment with multiple counts of committing a robbery of a business in interstate commerce through the threat or use of violence, and carrying and using a firearm during and in relation to a crime of violence. This action is before the Court on Defendant's Motion To Dismiss Indictment for Lack of Jurisdiction and Violation of Double Jeopardy Clause of the 5th Amendment to the United States Constitution [56] ("Motion to Dismiss").

The Court held an evidentiary hearing on Defendant Tejada-Landaverde's Motion to Dismiss and other pending motions on February 3, 2010, and a transcript of that hearing [81] was filed on February 17, 2010. Thereafter, Defendant filed a post-hearing brief in support of his Motion to Dismiss [85] on March 30, 2010, the Government filed a response brief [93] to the Motion to Dismiss on May 1, 2010, and

Defendant filed a reply brief [95] to the Government's response on May 10, 2010, at which time the Motion to Dismiss became ripe for resolution by the Court.

Having heard the evidence and having reviewed the transcripts of the evidentiary hearings and the briefs of the parties, the undersigned **RECOMMENDS** that Defendant Tejada-Landaverde's Motion to Dismiss [56] be **DENIED**.

## BACKGROUND

On October 27, 2009, the grand jury issued an indictment [1] against Defendant Francisco Tejada-Landaverde, and other co-defendants, charging them with multiple counts. In Count One, Defendant Tejada-Landaverde is charged with armed robbery on or about March 6, 2009, of a business engaged in interstate commerce by means of actual and threatened force, that is, by brandishing and discharging a pistol during the robbery, in violation of 18 U.S.C. §§ 2 and 1951. In Count Two, Defendant Tejada-Landaverde is charged with knowingly using and carrying a firearm during and in relation to a crime of violence on or about March 6, 2009, in violation of 18 U.S.C. §§ 2 and 924(c). In Count Five, Defendant Tejada-Landaverde is charged with armed robbery on or about March 15, 2009, of a business engaged in interstate commerce by means of actual and threatened force, that is, by brandishing a pistol

during the robbery, in violation of 18 U.S.C. §§ 2 and 1951.  In Count Six, Defendant Tejada-Landaverde is charged with knowingly using and carrying a firearm during and in relation to a crime of violence on or about March 15, 2009, in violation of 18 U.S.C. §§ 2 and 924(c).  In Count Seven, Defendant Tejada-Landaverde is charged with armed robbery on or about March 17, 2009, of a business engaged in interstate commerce by means of actual and threatened force, that is, by brandishing a pistol during the robbery, in violation of 18 U.S.C. §§ 2 and 1951.  In Count Eight, Defendant Tejada-Landaverde is charged with knowingly using and carrying a firearm during and in relation to a crime of violence on or about March 17, 2009, in violation of 18 U.S.C. §§ 2 and 924(c).  In Count Nine, Defendant Tejada-Landaverde is charged with armed robbery on or about March 23, 2009, of a business engaged in interstate commerce by means of actual and threatened force, that is, by brandishing a pistol during the robbery, in violation of 18 U.S.C. §§ 2 and 1951.  In Count Ten, Defendant Tejada-Landaverde is charged with knowingly using and carrying a firearm during and in relation to a crime of violence on or about March 23, 2009, in violation of 18 U.S.C. §§ 2 and 924(c).

Defendant argues in his Motion to Dismiss that the indictment charges him with the violation of two separate federal statutes for the commission of one act, and thus,

violates the prohibition against Double Jeopardy in the Fifth Amendment.  He further argues that this Court lacks jurisdiction over the subject matter pursuant to 18 U.S.C. § 924(c) on the ground that the firearm provision does not affect interstate commerce and contravenes the general police powers of the state.

### DISCUSSION

I. <u>The Charges in the Indictment Do Not Violate the Double Jeopardy Clause of the Fifth Amendment.</u>

Defendant's first argument is that the indictment violates the Double Jeopardy clause in the Fifth Amendment because it charges him with the violation of two separate federal statutes for the commission of one act, and thus, seeks to impose multiple punishments on him for one act.  As set forth above, the indictment charges Defendant with two separate counts based on each commission of an alleged armed robbery on four separate dates: March 6, 2009; March 15, 2009; March 17, 2009; and March 23, 2009.  For each alleged armed robbery, Defendant is charged with one count of committing a robbery by means of actual and threatened force, in violation of 18 U.S.C. §§ 2 and 1951, and a separate count of knowingly using and carrying a

4

firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c).

The double jeopardy clause of the Fifth Amendment provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The double jeopardy clause prohibits the imposition of multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165 (1977); North Carolina v. Pearce, 395 U.S. 711, 717 (1969). When a single offense is charged in two or more counts, the charges are said to be multiplicitous. See 1A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 142 (3d ed. 1999). The danger of multiplicity is that, when criminal act is punished across several counts, a jury may believe the defendant has committed more criminal acts than he actually has, or the defendant may receive multiple sentences for one crime. United States v. Smith, 231 F.3d 800, 815 (11th Cir. 2000).

To determine whether multiple counts of an indictment are multiplicitous, courts look to whether the counts charge a single offense or "distinct and separate" offenses. See United States v. Langford, 946 F.2d 798, 802 (11th Cir. 1991). Multiple counts are not multiplicitous when they all stem from a statute that creates several different offenses. See, e.g., United States v. Martinez-Gonzales, 89 F.Supp.

5

62, 64-65 (D.C. Cal. 1950). Similarly, a substantive offense and conspiracy to commit that offense may be charged separately without being multiplicitous, because conspiracy and a completed offense are considered to constitute separate crimes. Iannelli v. United States, 420 U.S. 770, 777-78 (1975).

The key to determining whether there are in fact two distinct offenses is whether each statute "requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). This has become known as the "*Blockburger* test." See United States v. Hassoun, 476 F.3d 1181, 1185 (11th Cir. 2007) (citing Albernaz v. United States, 450 U.S. 333, 337 (1981)). As the Supreme Court has explained, the court must focus on the statutory elements of each offense; "[i]f each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." Albernaz, 450 U.S. at 338 (*quoting* Iannelli v. United States, 420 U.S. 770, 785 n.17 (1975)); see also Hassoun, 476 F.3d at 1185; United States v. Boldin, 772 F.2d 719, 729 (11th Cir. 1985).

The general principle underlying the *Blockburger* test, of course, is that a criminal defendant should not be punished twice for committing only one offense. See Whalen v. United States, 445 U.S. 684, 692 (1980). Applying this principle and

6

the *Blockburger* test to the charges against the Defendant in the instant action, the Court finds that the charges are not multiplicitous. For each alleged robbery committed on four separate occasions, Defendant is charged both with committing a robbery of a business engaged in interstate commerce by means of actual and threatened force, in violation of 18 U.S.C. §§ 2 and 1951, and with knowingly using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c). The first charge relates to the commission of a robbery of a business in interstate commerce through the use or threat of violence, which does not specifically require proof of the use of a firearm; the second charge relates to using and carrying a firearm in the commission of a crime of a violence, which does not require proof of a specific intent to commit a robbery of a business engaged in interstate commerce. While there may be substantial overlap in the proof required to establish each of these crimes, they are separate and distinct offenses.

Accordingly, because each statute requires proof of an element that the other does not, under the *Blockburger* test, the Court finds that the charges against Defendant are not multiplicitous and thus, they do not violate the prohibition against Double Jeopardy in the Fifth Amendment. See <u>United States v. Reddick</u>, 231 Fed. Appx. 903, 919 (11th Cir. 2007) ("we find that the court did not err when it sentenced

Reddick for armed robbery under the [Federal Bank Robbery Act] and for brandishing a firearm during a bank robbery pursuant to 18 U.S.C. § 924(c)(1)(A)") (unpublished).

II.     18 U.S.C. § 924(c) Is Not Unconstitutional.

Defendant next argues that all of the charges in the indictment arising under 18 U.S.C. § 924(c) must be dismissed on the ground that the statute is unconstitutional because, he argues, the firearm provision does not affect interstate commerce and contravenes the general police powers of the state.

In support of this argument, Defendant relies on the Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995), in which the Supreme Court struck down the Gun-free School Zone Act as an invalid exercise of Congress's power under the Commerce Clause, holding that such power is limited to regulating only those activities that substantially affect interstate commerce.  The Court concluded that, because prohibiting the knowing possession of a firearm within 1000 feet of a school was not the regulation of a commercial activity, and because the Act did not contain a requirement that the possession of the firearm be connected in any way to interstate commerce, the Act exceeded the authority of Congress to regulate commerce under the Commerce Clause.

After the Supreme Court's decision in Lopez, the precise issue that Defendant raises in this case was addressed by the Eleventh Circuit, and was rejected in United States v. Ferreira, 275 F.3d 1020, 1028 (11th Cir. 2001) and United States v. DePace, 120 F.3d 233, 235 (11th Cir. 1997).

> In addition to being found guilty of the hostage taking and carjacking counts, each appellant was convicted under the firearms statute making it a federal crime to use and carry a firearm during a crime of violence. *See* 18 U.S.C. § 924(c) (providing additional penalties for a person "who, during and in relation to any crime of violence, ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm...."). Appellant Caraballo-Martinez argues that those convictions cannot stand because Congress lacked the power under the Commerce Clause to enact that provision.
>
> In making that argument, Caraballo-Martinez relies primarily on *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). After the Court's decision in Lopez, however, we squarely rejected precisely the same argument Caraballo-Martinez now makes. *See United States v. DePace*, 120 F.3d 233, 235 n.2 (11th Cir.1997) (agreeing with those courts that have rejected the idea "that 18 U.S.C. § 924(c) is an unconstitutional effort to regulate intrastate, non-economic activity") (*citing United States v. Brown*, 72 F.3d 96, 96-97 (8th Cir.1995); *United States v. Leshuk*, 65 F.3d 1105, 1111-12 (4th Cir.1995)). We add that nothing in the Supreme Court's recent rulings in *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), or *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), alters that conclusion. *Cf. Gray*, 260 F.3d at 1270 (concluding that "nothing in *Morrison* or *Jones* alters our previous conclusion that, to convict a defendant for Hobbs Act robbery, the Government must prove a minimal, but not substantial, effect on interstate commerce.").

9

Ferreira, 275 F.3d at 1028.  Based on the Eleventh Circuit's decision in Ferreira, the undersigned must reject Defendant's argument that 18 U.S.C. § 924(c) is unconstitutional.

## **RECOMMENDATION**

For all the above reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [56] be **DENIED**.

IT IS SO RECOMMENDED this 1st day of June, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE