## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL ACTION NO.** |
| | ) | **1:09-CR-475-WSD-CCH-1** |
| **FRANCISCO** | ) | |
| **TEJADA-LANDAVERDE** | ) | |
| _____ | ) | |

## ORDER AND OPINION

This matter is before the Court on Magistrate Judge C. Christopher Hagy's Report and Recommendation ("R&R") [97] on Defendant Francisco Tejada-Landaverde's ("Tejada-Landaverde" or "Defendant") Motion to Dismiss Indictment for Lack of Jurisdiction and Violation of Double Jeopardy Clause of the Fifth Amendment to the Constitution [56] ("Motion to Dismiss").

## I.    BACKGROUND

Tejada-Landaverde and his co-defendants are charged in this action with ten counts resulting from five armed robberies, by brandishing or discharging a pistol. The armed robberies were alleged to have been committed on March 6, 2009, March 15, 2009, March 16, 2009 and March 23, 2009.  The armed robberies are charged under 18 U.S.C. §§ 1951 and 2.   For each of the five armed robberies, Defendant also was indicted on the companion charge of carrying a firearm in

connection with the armed robberies alleged, in violation of 18 U.S.C. §§ 924(c) and 2.  The specific charges are detailed in the R&R.

Defendant's Motion to Dismiss is based on the charging of each armed robbery along with a separate charge for carrying a firearm in connection with the armed robberies.  Defendant claims that each armed robbery, when coupled with a charge of carrying a firearm to commit the armed robbery, is based on common conduct, and thus constitutes double jeopardy under the Fifth Amendment to the United States Constitution.  Defendant also claims that the charge under 18 U.S.C. § 924(c) is unconstitutional because it does not have a nexus with interstate commerce.

## II.     STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Rule 59 of the Federal Rules of Criminal Procedure; Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which

specific objection has been made by a party." <u>Jeffrey S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984). Defendant did not file objections to the Magistrate Judge's R&R and it is reviewed for plain error.

## III.   DISCUSSION

As Judge Hagy noted, the double jeopardy clause prohibits the imposition of multiple punishments for the same offense.  <u>Brown v. Ohio</u>, 432 U.S. 161, 165 (1977).  Multiplicitous counts, that is, where a single crime is alleged in two or more counts, presents the risk that a defendant may be found to have committed and sentenced for more than the one crime.  <u>United States v. Smith</u>, 231 F.3d 800, 815 (11th Cir. 2000).

It is similarly well-established that counts are not multiplicitous where the counts are distinct and separate, even if based on the same set of facts.  <u>United States v. Langford</u>, 946 F.2d 798, 802 (11th Cir. 1991).  Whether two separate offenses are charged is tested by whether each charge "requires proof of an additional fact which the other does not."  <u>Albernaz v. United States</u>, 450 U.S. 333,

3

337 (1981).  The focus is on the statutory elements of the offenses.  "If each [offense] requires proof of a fact that the other does not" the charges are not multiplicitous and thus do not violate the double jeopardy clause.  Blockburger v. United States, 284 U.S. 299, 304 (1932).  The charges of robbery and carrying a firearm alleged here are not multiplicitous.  Each has at least one element that is not required to be proved for the other charge and the test in Blockburger is satisfied.

The Court also finds that 18 U.S.C. § 924(c) is constitutional.  The Court further finds that Defendant's reliance on United States v. Lopez, 514 U.S. 549 (1995) to support his argument that § 924 (c) is misplaced.  Our Circuit, in its decision in United States v. Ferreira, 275 F.3d 1020 (11th Cir. 2001), has rejected the argument Defendant makes here.  Id. at 1028.

## IV.   CONCLUSION

Having reviewed the Magistrate Judge's R&R for plain error and for the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation of Magistrate C. Christopher Hagy [97].

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment for Lack of Jurisdiction and Violation of Double Jeopardy Clause of the Fifth Amendment to the Constitution [56] is **DENIED**.

**SO ORDERED** this 19th day of August, 2010.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE